## DETROIT *v.* OSBORNE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 295.   Argued April 28, 29, 1890. — Decided May 19, 1890.

It is settled law in Michigan that the failure of a municipal corporation to keep in repair a sidewalk in a public street, when the duty to do so is imposed upon it by statute, does not confer upon a person injured by reason of a defect in such sidewalk caused by neglect of the corporation to perform that duty, a right of action against the corporation to recover for the injury caused thereby.

The local law of a State concerning the right to recover from a municipal corporation for injuries caused by defects in its highways and streets is binding upon courts of the United States within the State.

THIS was an action commenced in the Circuit Court of the United States for the Eastern District of Michigan, against the city of Detroit, to recover for injuries suffered by the plaintiff by reason of a defect in a sidewalk within the city limits. The defendant pleaded a general demurrer. This being overruled the general issue was pleaded, and a trial was had which resulted in a verdict for the plaintiff for $10,000, and judgment on the verdict. The defendant sued out this writ of error. The case came here with exceptions to the rulings of the court upon questions of evidence and exceptions to the charge; but, in the view taken by this court it is unnecessary to refer to them. The issues raised by the demurrer and argued by counsel were: (1) Whether the city was, by the local law of Michigan, answerable in damages for such injuries: (2) Whether the Circuit Court of the United States was bound by the local law, if the general law was to the contrary.

*Mr. Henry M. Duffield* for plaintiff in error.

*Mr. F. H. Canfield* for defendant in error.

The rule that municipal corporations in a case like this are liable for injuries resulting from defective streets or sidewalks,

has been firmly established both by the decisions of this court, and by decisions of the courts of most of the States of the Union. *Weightman* v. *Washington*, 1 Black, 39; *Chicago* v. *Robbins*, 2 Black, 418; *Nebraska* v. *Campbell*, 2 Black, 590 ; *Robbins* v. *Chicago*, 4 Wall. 657; *Evanston* v. *Gunn*, 99 U. S. 660, 667; *Mayor* v. *Sheffield*, 4 Wall. 189, 194; *Manchester* v. *Ericsson*, 105 U. S. 347; *Barnes* v. *District of Columbia*, 91 U. S. 540.

I submit that this court is not, in this case, obliged to depart from its own rulings, or to repudiate a doctrine which it has declared to be settled law upon this subject, because of the decision of the Supreme Court of Michigan in *Detroit* v. *Blackeby*, 21 Michigan, 84, upon which plaintiff in error may rely.

(1) The point is not presented by the record. If the defendant wished to raise the question of the common law liability of the city the point should have been presented to the court below.

(2) The plaintiff in error cannot now in this court claim the benefit of the demurrer to the declaration which was overruled by the Circuit Court.

By pleading over issuably the defendant waived the benefit of the demurrer. *Cicotte* v. *Wayne County*, 44 Michigan, 173, 174; *Wales* v. *Lyon*, 2 Michigan, 276; *Delahay* v. *Clement*, 2 Scammon, 575; *Early* v. *Patterson*, 4 Blackford, 449; *Funk* v. *The State*, 6 Arkansas, 141, 146. At all events, if the defendant wished to preserve the point, or the benefit of the demurrer, its counsel should have done so either by a proper objection to testimony at the trial or by a proper request to charge the jury.

(3) The decision in the *Blackeby Case* is not binding upon the federal courts, because it is not, nor does it profess to be based upon any statute of the State, or any *local law* of the State. It does not construe any statute or any clause of the state constitution, nor is it a rule of property. The case simply holds as a matter of general law, and upon principles of general jurisprudence, that incorporated cities are not liable for accidents resulting from a neglect to keep the streets in proper and safe repair. The result arrived at was simply a

determination of private rights, "by the application of common law rules alone." *Chicago* v. *Robbins*, 2 Black, 418, 428.

That decision could have been made as well in any other State of the Union, and the reasoning of the court applies as well to the cities in New York, or Illinois, or Alabama, as to the city of Detroit. The decision, therefore, does not constitute the local law of the State, within the true meaning of the term "local" law, nor is it conclusive evidence of what the local law of the State is; and therefore this court is not bound to follow it. *Town of Venice* v. *Murdock*, 92 U. S. 494, 501; *Boyce* v. *Tabb*, 18 Wall. 546; *Burgess* v. *Seligman*, 107 U. S. 20, 33; *Delmas* v. *Ins. Co.*, 14 Wall. 661, 668; *Pana* v. *Bowler*, 107 U. S. 529, 540; *Oliver* v. *Rumford Chemical Works*, 109 U. S. 75, 83; *Swift* v. *Tyson*, 16 Pet. 1; *Hough* v. *Railway Co.*, 100 U. S. 213, 226; *Railroad Co.* v. *National Bank*, 102 U. S. 14.

And in the *Blackeby Case*, Judge Cooley, dissenting, said : "The decisions which are in point are numerous; they have been made in many different jurisdictions, and by many able jurists, and there has been a general concurrence in declaring the law to be in fact what we have already said in point of sound policy it ought to be. We are asked, nevertheless, to disregard these decisions, and to establish for this State a rule of law different from that which prevails elsewhere, and different from that which, I think, has been understood and accepted as sound law in this State prior to the present litigation."

The Circuit Court in Michigan has uniformly refused to follow the *Blackeby Case*.

What is a matter of local law, upon which the courts will follow the state decisions, and what are matters of general law in regard to which the federal courts will exercise their own independent judgment, is always to be considered.

A statute or a constitutional provision of course is to be regarded as local law. And so where decisions of state courts have become rules of property, they will be adopted as a part of the local law. But where a decision has not become a rule of property, where it is based wholly upon general principles,

where the result is arrived at by reasoning upon general propositions, without regard to any statute, or established rule, or custom, or usage, peculiar to the State, such a decision cannot be regarded as an announcement of the local law of the State. A decision based upon general legal principles, and upon general rules of jurisprudence, can only be regarded as an announcement of what the court making the decision considers the general law to be.

When a case involving only general principles and general rules comes before the federal court, whether it be one of contract or tort, the federal court must decide it according to its own judgment, and is not bound to follow a state decision, if such decision is contrary to well-settled law.

Mr. Justice Brewer delivered the opinion of the court.

On November 19, 1883, the defendant in error, while walking on Church Street, in the city of Detroit, was thrown to the ground and received severe personal injuries in consequence of a defect in the sidewalk. For these injuries she, as a citizen of Ohio, brought her action in the Circuit Court of the United States against the city, and recovered a verdict and judgment for ten thousand dollars. 32 Fed. Rep. 37. The city alleges error, and its principal contention is that under the rulings of the Supreme Court of Michigan municipal corporations are not liable in damages for personal injuries of this nature, and that such being the settled law of the State, it is binding upon the federal courts.

This contention suggests two inquiries : First, What is the settled law of Michigan? and second, If it be as claimed, is it binding upon the federal courts? The answer to the first inquiry is easy and clear. The precise question was presented in 1870, to the Supreme Court of Michigan, in the case of *Detroit* v. *Blackeby*, 21 Michigan, 84. In that case the injury resulted from a defect in the streets, and from failure to keep them in proper repair. Under the laws then in force, both the power and the duty of keeping streets in repair were vested in the city ; but the Supreme Court held that this duty was to

the public, and not to private individuals, the mere neglect of which was a non-feasance only, for which no private action in damages arose. The power of the legislature to create a liability to private suit was conceded; but it was decided that, in the absence of express action of the legislature creating such liability, the mere grant of the power and the imposition of the duty to keep streets in repair were not sufficient to sustain a private action for injuries resulting from a failure to keep such streets in repair. This doctrine has never been departed from by the Supreme Court of that State; and no action had ever been taken by the legislature, up to the time of this accident, to change the rule of liability thus announced. In 1879 an act of the legislature was passed, Laws of 1879, c. 244, p. 223, for the collection of damages sustained by reason of defective public highways, streets, bridges, cross-walks and culverts. That statute came before the Supreme Court for examination in the case of *Detroit* v. *Putnam*, 45 Michigan, 263; and it was held, first, that "a statutory liability created in derogation to common law cannot be enlarged by construction;" and, secondly, that the act, omitting sidewalks, left the law in respect to sidewalks not in repair as it was before; and that no private action against the city, for damages springing from a defective sidewalk, could be maintained. In *Church* v. *Detroit*, 64 Michigan, 571, an act purporting to extend the liability of municipal corporations to the case of damages resulting from defective sidewalks was declared unconstitutional. Thus, by the concurrent action and judgment of the legislature and the Supreme Court of the State of Michigan there was, up to and beyond the time of the injury complained of in this action, no liability on the part of a municipality for such injuries. The case of *Detroit* v. *Chaffee*, 70 Michigan, 80, in no manner conflicts with this established rule. In that case a judgment had been obtained against the city in the United States Circuit Court for personal injuries caused by a defective sidewalk in front of a lot owned by Chaffee. The city had no right of appeal to this court — the judgment being under five thousand dollars — and brought its action against Chaffee, the owner of the lot, under section 57,

page 614, Stat. Mich. 1883, which provides that "the common council shall have power to provide and ordain by ordinance that whenever any sidewalk requires to be built or repaired the said council may direct the board of public works to notify the owner, agent, or occupant of any lot or parcel of land in front of or adjacent to which such walk is required to be built or repaired to build or repair the same, and that if such agent, owner, or occupant shall neglect, for a time to be specified in the ordinance, to do such building or repairing, it shall be the duty of the said board to at once do or cause the same to be done, and in such case the expense thereof shall be assessed upon such lot or parcel of land, and shall be a lien thereon until collected and paid in a manner to be prescribed in such ordinance; and the owner so neglecting to build or repair shall be liable to the city for all damages which shall be recovered against the city for any accident or injuries occurring by reason of such neglect, and also to prosecution in the recorder's court, and, on conviction, to be fined not to exceed five hundred dollars and the penalties in the city charter elsewhere provided." A judgment in favor of the city was ordered. But this section of the statute was similar to one in force at the time of the decision in *Detroit* v. *Blackeby*, Laws of Michigan, 1865, p. 679, c. 325, § 1. There being no change in the statute in this respect, it cannot be held that any change was contemplated in the rule of liability by the legislation of 1883; and the decision in *Detroit* v. *Chaffee* was simply the enforcement of a right given by both the statutes of 1865 and 1883, springing out of a judgment not subject to the supervising control of the Supreme Court of the State. In answer to the first inquiry it must therefore be affirmed that the law of Michigan is against any liability on the part of the city for injuries like those in this action.

The second inquiry must be answered in the affirmative. If it is a matter of local law, that law is obligatory upon the federal courts. It must be conceded that this adjudication as to the liability of a city for injuries caused by a defect in the sidewalks, the repair of which it has both the power and duty

to provide for, is not in harmony with the general rule in this country, 2 Dillon on Mun. Corp. 3d ed. §§ 1017, 1018; nor in accord with the views expressed by this court. In *Barnes* v. *The District of Columbia,* 91 U. S. 540, this court, after referring to the case from 21 Michigan, *supra,* and the doctrine stated therein, observed that "the authorities establishing the contrary doctrine, that a city is responsible for its mere negligence, are so numerous and so well considered that the law must be deemed to be settled in accordance with them," citing in support a long list of authorities. The authorities which support a different view are collected in *Hill* v. *Boston,* 122 Mass. 344. But even if it were a fact that the universal voice of the other authorities was against the doctrine announced by the Supreme Court of Michigan, the fact remains that the decision of that court, undisturbed by legislative action, is the law of that State. Whatever our views may be as to the reasoning or conclusion of that court, is immaterial. It does not change the fact that its decision is the law of the State of Michigan, binding upon all its courts, and all its citizens, and all others who may come within the limits of the State. The question presented by it is not one of general commercial law; it is purely local in its significance and extent. It involves simply a consideration of the powers and liabilities granted and imposed by legislative action upon cities within the State. While this court has been strenuous to uphold the supremacy of federal law, and the interpretation placed upon it by the federal courts, it has been equally strenuous to uphold the decisions by state courts of questions of purely local law. There should be, in all matters of a local nature, but one law within the State; and that law is not what this court might determine, but what the Supreme Court of the State has determined. A citizen of another State going into Michigan may be entitled under the federal Constitution to all the privileges and immunities of citizens of that State; but under that Constitution he can claim no more. He walks the streets and highways in that State, entitled to the same rights and protection, but none other, than those accorded by its laws to its own citizens.

This question is not a new one in this court. In the case of *Claiborne County* v. *Brooks*, 111 U. S. 400, 410, it was held that, "when the settled decisions of the highest court of a State have determined the extent and character of the powers which its political and municipal organizations may possess, the decisions are authoritative upon the courts of the United States;" and in the opinion it was observed: "It is undoubtedly a question of local policy with each State, what shall be the extent and character of the powers which its various political and municipal organizations shall possess; and the settled decisions of its highest courts on this subject will be regarded as authoritative by the courts of the United States; for it is a question that relates to the internal constitution of the body politic of the State."

What was there decided in reference to the powers is equally true as to the liabilities of a municipal corporation. The city of Detroit, in the discharge of its public duty in respect to keeping the streets and sidewalks in repair, is under no higher or different obligation to a citizen of Ohio than to one of the State of Michigan, and the measure of its liability under the statutes, as stated, is to be determined by the judgment of the Supreme Court of that State, and not by what our opinions might be as to the proper construction of those statutes. Reference may also be made to the recent case of *Bucher* v. *Railroad Company*, 125 U. S. 555, 584, in which this court followed, against its own judgment of the law, the rulings of the Supreme Court of Massachusetts, and held that a party travelling on Sunday, and not for necessity or charity, in the cars of a railroad company, could not recover for injuries sustained by the negligence of the company, because he was himself thus violating the law of the State. Concluding the opinion of the court in that case, it is observed: "It may be said generally that whenever the decisions of the state courts relate to some law of a local character, which may have become established by those courts, or has always been a part of the law of the State, that the decisions upon the subject are usually conclusive, and always entitled to the highest respect of the federal courts. The whole of this subject has recently been very ably reviewed

in the case of *Burgess* v. *Seligman*, 107 U. S. 20. Where such local law or custom has been established by repeated decisions of the highest courts of a State, it becomes also the law governing the courts of the United States sitting in that State."

Nothing more need be added to express the views of this court on the question here presented. The judgment of the Circuit Court must be

*Reversed and the case remanded, with instructions to sustain the demurrer to the amended declaration.*