## CITY OF JACKSONVILLE v. SMITH.

(Circuit Court of Appeals, Fifth Circuit. December 15, 1896.)

No. 529.

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—PERSONAL INJURIES.

A municipal corporation is liable in damages to parties injured through its negligence in failing to keep its streets in proper repair, though no special statute authorizes an action for such cause.

In Error to the Circuit Court of the United States for the Southern District of Florida.

Suit by Kate Smith, defendant in error, against the city of Jacksonville, plaintiff in error, to recover damages for personal injuries, arising from nonobservance of duty on the part of the city in reference to keeping one of its streets in proper repair and safe condition. The cause of action is set forth in the declaration as follows: "For that whereas defendant, before and on the 17th day of May, A. D. 1894, was possessed and had control of a certain public street, called 'Main Street,' in the said city, in the county aforesaid, and ought to have kept same in good and safe repair and condition, yet the defendant, well knowing the matters hereinafter mentioned, and not regarding its duty in that behalf, while it was so possessed, and had control of the said street, to wit, on the 17th day of May, A. D. 1894, aforesaid, then knowingly, wrongfully, and negligently suffered the same to be and remain in bad and unsafe repair and condition; knowingly, wrongfully, and negligently suffered divers planks and pieces of plank to be and remain broken and loose upon the crossing of the said Main street, the defendant having full notice and knowledge thereof, by means whereof the plaintiff, who was then and there crossing the said street, then and there, necessarily, unavoidably, and without fault or negligence of hers, tripped and stumbled upon and against one of the said planks or pieces of plank lying upon the said street, and was thereby thrown, and fell to the ground; and the plaintiff was then and there rendered unconscious by the said fall, and received serious internal injuries, and she became sick, lame, and disordered, and so remained for a long time, to wit, from thence hitherto, and still so remains, during all which time she suffered, and now suffers, great pain, and was and is hindered from transacting her business affairs, and also, by means of the premises, was obliged to, and did, lay out divers sums of money, amounting to $200, in and about endeavoring to be healed of the said wounds, sickness, and disorder, to the damage of the plaintiff of $10,000, and therefore she brings this suit." To the declaration the plaintiff in error interposed a plea of not guilty, and filed a motion, accompanied by an affidavit, to dismiss the suit for want of jurisdiction, on the ground that the plaintiff and defendant were citizens of the same state. The motion to dismiss was overruled by the court. Several special instructions were asked by counsel for the city, which, in effect, requested the court to direct a verdict for the defendant, on the ground that, in the absence of statutory provisions authorizing suit, an action for damages will not lie in favor of an individual against a municipal corporation for injuries caused by the negligence of the corporation in permitting its streets to remain in a defective and unsafe condition. These instructions were refused, and the following statement appears in the record, as part of a bill of exceptions, in reference to the general charge of the court: "And the said judge, the said parties having concluded and submitted their testimony and said several matters aforesaid, and after his said refusal to charge as above shown, did then and there give his opinion, and deliver his charge to the jury, touching the legal duty of the said defendant to keep the streets and sidewalks of said city in proper repair and condition, and free from obstructions in respect of the rights of the public in passing over the same, and also as touching the doctrine of contributory negligence, and each and every of all the matters involved in the issues in said case, instructing the jury in the law therein satisfactorily to the parties to said charge, to which said charge, given orally, there was no objection or exception." Upon the issues joined, the cause was submitted to a jury; and, a verdict being returned in favor of the plaintiff below, judgment was duly entered thereon.

The charter of plaintiff in error, among other powers not necessary to enumerate, confers upon the city the following: Section 2, art. 1: "Said corporation shall have perpetual succession, shall sue and be sued, plead and be impleaded, may purchase, lease, receive and hold property, real and personal, within said city: and may sell, lease or otherwise dispose of the same for the benefit of the city: and may purchase, lease, receive and hold property, real and personal, beyond the limits of the city, to be used for the burial of the dead; for the erection of water works; for the establishment of poor houses, pest houses, houses of detention and correction; for public parks and promenades, and for any other public purpose that the mayor and city council may deem necessary or proper; and may sell, lease or otherwise dispose of such property for the benefit of the city to the same extent as natural persons may. Said city shall have and use a common seal, and change it at pleasure." Section 4, art. 3: "The mayor and city council shall, within the limitations of this act, have power by ordinance to levy

and collect taxes upon all property and privileges taxable by law for state purposes; to appropriate money and provide for the payment of the debts and expenses of the city, and also for the debts of the municipal corporation of which said city is the successor; . * * * to make appropriation to open, alter, abolish, widen, extend, establish, grade, pave or otherwise improve, clean and keep in repair streets, alleys and sidewalks, and to erect, establish and keep in repair bridges, culverts, sewers and gutters; and to make appropriations for lighting the streets and public buildings, and for the erection of all buildings necessary for the use of the city; * * * to fix from time to time the number and boundaries of the city wards; to pass all ordinances necessary for the health, convenience and safety of the citizens, and to carry out the full intent and meaning of this act, and to accomplish the object of this incorporation; to impose penalties upon the owners, occupants or agents of any house, walk or sidewalk or other structure, which may be considered dangerous or detrimental to the citizens, unless, after due notice to be fixed by ordinance, the same be removed or repaired; * * * regulate, provide for and compel the construction and repair of sidewalks and foot pavements; * * * to regulate, require and provide for the construction or repair of streets and paving the same; * * * to grant the right of way through the streets, avenues and squares of said city for the purpose of street, or other railroads; to take and appropriate grounds for widening streets or parts thereof, or for laying out new streets, avenues, squares, parks or promenades, when the public convenience may require it." Laws 1887, c. 3775.

Geo. U. Walker and Porcher L'Engle, for plaintiff in error.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge, after stating the case, delivered the opinion of the court.

Error is prosecuted in this case to reverse the judgment rendered by the circuit court adjudging the liability of the city of Jacksonville to respond in damages to the defendant in error. The three specifications of error relied upon by plaintiff in error, in the brief of counsel, are the following: The court erred in refusing to give in charge to the jury the special instructions requested; in refusing to vacate the verdict because the evidence proved contributory negligence on the part of the defendant in error; and in refusing to set aside the verdict because excessive.

Under the first specification, counsel for plaintiff in error states, in the following language, the real question for consideration.

"The fundamental proposition of the defense is that upon an admission of all the facts, and confessing that every allegation in the declaration was true, and proved to the court and jury, yet the city of Jacksonville, being a municipal corporation, vested by statute with functions of a public nature, to be exercised for the public benefit, is not liable in an action of tort for damages at the hands of an individual, unless such private action is expressly authorized by statute."

In view of the statement thus made of the question for decision, it is unnecessary to go into a recapitulation of the testimony developed on the trial. It is sufficient to say the evidence discloses that the defendant in error was injured from the effects of a fall she received in attempting to cross one of the streets of the city of Jacksonville, and, further, that, at the time of the injury, the street was, and had been for some days previous, in a defective condition. One of the witnesses thus refers to the condition of the street and the occurrence of the accident:

"My recollection is it was in a pretty bad condition. The street railway had been raised to the grade of the street, and was some four or five inches above the level of the street. There were several boards lying longitudinally with the railway. I think they were there from the block pavement being taken up. Some of them were turned up, and the street was in a very bad condition. I frequently noticed people had difficulty in crossing at that place, and on this occasion, when I saw the lady fall, I naturally thought she had tripped up on one of the boards, although I didn't see her trip. She struck the rail."

The question of law raised by the assignment has had the consideration of the supreme court of Florida, and in an elaborate and carefully prepared opinion, in a case in which the plaintiff in error was a party, Mr. Justice Van Valkenburgh, speaking for a unanimous court, observes:

"We think the true doctrine is that a municipal corporation is liable in damages to parties receiving special injuries by reason of its nonobservance of duty in keeping its streets, alleys, etc., in good repair, although the work of such repairs is let out by contract to another person." City of Jacksonville v. Drew, 19 Fla. 116.

The Drew Case reiterates the principle announced by the court in the earlier case of City of Tallahassee v. Fortune, 3 Fla. 19. The essential facts of the two cases above referred to are substantially similar to those in the case at bar, and the same legal principle applies here as was enforced by the supreme court in those cases. See, also, the more recent case of City of Orlando v. Pragg, 31 Fla. 111, 12 South. 368.

The rule established by the supreme court of Florida is in accord with the doctrine announced by the supreme court of the United States in Barnes v. District of Columbia, 91 U. S. 540, and Detroit v. Osborne, 135 U. S. 492, 10 Sup. Ct. 1012.

In the case of Barnes, 91 U. S., at page 551, Mr. Justice Hunt, referring to a decision of the supreme court of Michigan, says:

"The authorities establishing the contrary doctrine, that a city is responsible for its mere negligence, are so numerous and so well considered that the law must be deemed to be settled in accordance with them."

In Barnes v. District of Columbia, and City of Galveston v. Posnainsky, 62 Tex. 129, 130, appears a long list of authorities sustaining the rule held by the supreme court of Florida.

Counsel for plaintiff in error, however, refers to the case of Forbes v. Board of Health, 28 Fla. 26, 9 South. 862, as maintaining a contrary doctrine. The Forbes Case is clearly distinguishable from this case and those previously decided by the supreme court of Florida. The dissimilarity was evidently thought to be so apparent that no reference is made by Mr. Justice Mabry, in his opinion, to the earlier cases. "We take it to be a sound principle," says the supreme court, "that no proposition of law can be said to be overruled by a court which was not in the mind of the court when the decision was rendered." Woodruff v. Parham, 8 Wall. 138.

The remaining assignments relate to the action of the circuit court in refusing to grant a new trial. Whether the court erred in overruling the motion for a new trial is a question which will not be inquired into here, as it was a matter in the discretion of the court below, and is not subject to review in this court. Railway Co. v. Struble, 109 U. S. 381, 3 Sup. Ct. 270; Zimpelman v. Hipwell;

4 C. C. A. 609, 54 Fed. 848; Mining Co. v. Fullerton, 7 C. C. A. 340, 58 Fed. 521; Alexander v. U. S., 6 C. C. A. 602, 57 Fed. 828.

There being no error in the judgment of the circuit court, it is accordingly affirmed.