## BLAYLOCK v. INCORPORATED TOWN OF MUSKOGEE.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1902.)

### No. 1,685

**1. MUNICIPAL CORPORATIONS—EXTENT OF POWER AND LIABILITIES QUESTION OF LOCAL LAW.**

The extent of the powers and liabilities of municipal corporations under the statutes of a state is generally a question of local law, upon which the decisions of the courts of the state are authoritative in the national courts.

**2. STATUTE—ADOPTION—PRIOR CONSTRUCTION.**

The enactment or adoption of a statute, which has been elsewhere in force, is presumed to be the adoption of the construction which had been previously given to that statute by the judicial tribunals whose duty it was to interpret it.

**8. MUNICIPALITIES IN INDIAN TERRITORY—DEFECTS IN STREETS OR SIDEWALKS.—LIABILITY.**

On May 2, 1890, congress made chapter 29 of Mansfield's Digest of the Laws of Arkansas, which governs municipal corporations, a part of the laws of the Indian Territory (chapter 15, Ind. T. Ann. St. 1899). Prior to that time the supreme court of Arkansas had twice held that municipalities subject to that chapter were exempt from liability to individuals for negligence in the construction, maintenance, or repair of their streets. *Held*, the legal presumption is that, when congress adopted the statute of Arkansas as the law of the Indian Territory, it also adopted the construction of this statute which the supreme court of that state had previously put upon it, and a municipality in the Indian Territory governed by this chapter 29 (chapter 15) is not liable to individuals for defects in its sidewalks or streets, notwithstanding the fact that the more reasonable rule, which is sustained by the greater weight of authority, is otherwise.

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

Thomas H. Owen and William T. Hutchings, for plaintiff in error. Nathan A. Gibson, for defendant in error.

Before SANBORN and THAYER, Circuit Judges. and LOCHREN, District Judge.

SANBORN, Circuit Judge. This writ of error challenges the judgment of the court of appeals of the Indian Territory affirming the judgment of the United States court in the Indian Territory for the Northern district, which sustained a demurrer to a complaint against the incorporated town of Muskogee for injuries inflicted upon the plaintiff by the negligence of the municipality in the care of its sidewalks. The

case presents but one question, and that is whether or not municipalities governed, as the defendant was, by chapter 29 of Mansfield's Digest of the Laws of Arkansas, which was made a part of the laws of the Indian Territory (chapter 15, Ind. T. Ann. St. 1899), by the act of congress of May 2, 1890 (26 Stat. 94, c. 182, § 31), are liable for injuries resulting from their negligence in the care of the sidewalks upon their streets. The more reasonable rule—the rule sustained by the supreme court and by the great weight of authority—undoubtedly is that a municipality which is invested with the power and charged with the duty to make and repair its streets and sidewalks is liable to any individual for the injury which he sustains from its negligence in the exercise of this power or in the discharge of this duty. 2 Dill. Mun. Corp. (3d Ed.) §§ 1017, 1018; Barnes v. District of Columbia, 91 U. S. 540, 550, 551, 23 L. Ed. 440; City of Detroit v. Osborne, 135 U. S. 492, 496, 10 Sup. Ct. 1012, 34 L. Ed. 260; Madden v. Lancaster Co., 65 Fed. 188, 191, 192, 12 C. C. A. 566, 569. But the supreme court of the state of Arkansas had adopted and affirmed the converse of this rule prior to the enactment in the Indian Territory of chapter 29 of Mansfield's Digest of the Laws of Arkansas (chapter 15, Ind. T. Ann. St. 1899). Arkadelphia v. Windham, 49 Ark. 139, 4 S. W. 450, 4 Am. St. Rep. 32; City of Ft. Smith v. York, 52 Ark. 84, 12 S. W. 157. When this chapter was made a part of the laws of the Indian Territory by the act of congress of May 2, 1890, it was, therefore, the established rule in the state of Arkansas, settled by the uniform decisions of its highest judicial tribunal, that corporations empowered to make and maintain streets and sidewalks under this statute were not liable to individuals for injuries caused by defects in them, or by the negligence of the corporation in the exercise of this power. The decisions of the supreme court of Arkansas, which established this rule, were not determinations of questions of general or commercial law, but they were the interpretation of the local law,—of the local statutes of the state of Arkansas,—which measured the powers and liabilities 'of municipalities in that state. The federal courts uniformly follow the construction of the constitution and statutes of a state announced by its highest judicial tribunal in all cases that involve no question of general or commercial law, and no question of right under the national constitution and the acts of congress. The character and limits of the powers and liabilities of the political or municipal corporations of a state are questions of local law, upon which the decisions of the supreme court of the state are authoritative in the national courts, because these questions are determinable by a construction of the constitution and statutes of the states under which the municipalities are organized. Madden v. Lancaster Co., 65 Fed. 188, 192, 12 C. C. A. 566, 570; Claiborne Co. v. Brooks, 111 U. S. 400, 410, 4 Sup. Ct. 489, 28 L. Ed. 470; City of Detroit v. Osborne, 135 U. S. 492, 499, 10 Sup. Ct. 1012, 34 L. Ed. 260. The result is that prior to May 2, 1890, chapter 29 of Mansfield's Digest of the Laws of Arkansas (chapter 15, Ind. T. Ann. St. 1899) had been so authoritatively construed by the highest judicial tribunal of the state from which it was taken that municipal corporations governed by it were not liable, either in the state or in the federal courts, for in-

juries to individuals produced by the negligence of the corporations in the construction, maintenance, or repair of their streets and sidewalks. Thereupon congress made this chapter a part of the laws of the Indian Territory. The adoption of a statute or a law previously in force in some other jurisdiction is presumed to be the adoption of the interpretation thereof which had been theretofore placed upon it by the judicial tribunal whose duty it was to construe it. Sanger v. Flow, 48 Fed. 152, 154, 1 C. C. A. 56, 58; Black, Interp. Laws, p. 159, § 70. Hence the legal presumption is that the powers and liabilities of municipalities in the Indian Territory under chapter 29 of Mansfield's Digest (chapter 15, Ind. T. Ann. St. 1899) are the same that the powers and liabilities of such corporations in the state of Arkansas were at the time congress made that chapter the law of the territory. Inasmuch as such corporations were not liable to individuals for the injuries which they sustained from the negligence of the municipalities of Arkansas in the care of their streets and sidewalks under this chapter, the defendant, whose powers and liabilities are measured by the same statute, and by the construction of it which had been adopted before it became the law of the Indian Territory, is not subject to any such liability, and the judgment below must be affirmed.