OLD COLONY TRUST CO. v. CITY OF TACOMA.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

No. 2601.

1. COURTS ⬤⟲366(1)—FEDERAL COURTS—STATE STATUTES—CONSTRUCTION.
    Construction of state statutes by the highest appellate court of the state is binding on federal courts sitting in such state.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 956, 957, 967; Dec. Dig. ⬤⟲366(1).]

2. COURTS ⬤⟲365—FEDERAL COURTS—JURISDICTION—COMITY.
    Federal courts sitting in the state should defer to decisions of the state courts applying principles of law to local conditions.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971; Dec. Dig. ⬤⟲365.]

3. ELECTRICITY ⬤⟲4—FRANCHISES—CONSTRUCTION.
    Where a street railroad company was granted by ordinance a franchise to transmit electric current for furnishing power and heat, but the ordinance declared that the grantee should have no right to supply electric current for lighting purposes, the city being engaged in furnishing light, the denial of the right to transmit current for lighting purposes

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was not merely the withholding of a franchise for that purpose, but was a ground for forfeiture; other sections of the ordinance declaring that the rights granted should be void upon failure of the grantee to perform all conditions specified.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 1; Dec. Dig. ⬤⟿4.]

4. STREET RAILROADS ⬤⟿24(13)—FRANCHISE—CONSTRUCTION—FORFEITURE—"PERFORM."

A provision of a street railroad company's franchise that failure of the grantee to perform any and all of the conditions in the ordinance specified and mentioned should be ground·for forfeiture is not limited to affirmative duties imposed on the grantee, and the franchise may be forfeited for the doing of prohibited acts; the word "perform" meaning to execute the provisions, commands, or requirements of.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 50–54; Dec. Dig. ⬤⟿24(13).

For other definitions, see Words and Phrases, First and Second Series, Perform.]

5. MUNICIPAL CORPORATIONS ⬤⟿285—FRANCHISES—AUTHORITY OF.

Tacoma Charter 1896, containing a prohibition against the grant to any person or corporation of a franchise to sell electricity within the city so long as the city may be engaged in the public duty of supplying light, is not abrogated by Laws Wash. 1903, p. 360, § 1, authorizing the city to grant a franchise for the construction of lines for transmitting electric power and to fix the terms and conditions under which such franchise may be exercised; the statute not prohibiting the city from making it a condition of the franchise that the grantee will not furnish electricity for lighting.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 757; Dec. Dig. ⬤⟿285.]

6. ELECTRICITY ⬤⟿4—FRANCHISE—MONOPOLIES.

As Const. Wash. art. 1, § 12, prohibiting monopolies, expressly excepts municipal corporations, a city, in granting a franchise to transmit electric current, may prohibit the grantee·from transmitting current for lighting purposes, to enable the city to preserve its monopoly of the lighting business.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 1; Dec. Dig. ·⬤⟿4.]

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Suit by the Old Colony Trust Company, as trustee, against the City of Tacoma. From a decree dismissing the bill (219 Fed. 775), complainant appeals. Affirmed.

The Tacoma Railway & Power Company, a corporation of the state of Washington, received in the year 1905 from the city of Tacoma a franchise for a period of 25 years, authorizing it to erect poles and lines for the purpose of transmitting and selling electric current, to be used for power and heating purposes and for lighting street cars, but providing that it should not "furnish power to be used for lighting or generating electricity for lighting," and also providing that the city might by special permit grant said corporation the right to furnish electric current for lighting purposes, subject to the provisions of the city charter and the laws of the state, such permit, however, to be revocable at any time at the option of the city. The ordinance provided that the franchise should become null and

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

void, and absolutely of no effect, upon the failure of said grantee "to perform any and all of the conditions in this ordinance specified and mentioned" for a period of 30 days after notice served upon said grantee, and that the city will, if said failure is not corrected before the expiration of 30 days, "consider this franchise null and void and absolutely of no effect"; and it further provided that, in the event of forfeiture of the franchise on account of the breach of any of the conditions therein, the grantee should also forfeit and surrender to the city all poles, lines, wires, or other property that may be located or constructed in pursuance thereof within the city of Tacoma, unless the same were removed within 60 days. Another section of the ordinance gave the city the right at any time, on 30 days' notice to the grantee, to repeal, change, or modify the grant, if the franchise granted was not exercised in accordance with the provisions of the ordinance, which provision was declared to be cumulative and additional to that already provided.

In December, 1908, the Railway & Power Company entered into a contract with the Northern Pacific Railway Company, wherein it obligated itself to furnish to the latter company at its depot and shops all the electric power that it used for power purposes, and for lighting purposes, for a period of 10 years from the date of the contract. On April 2, 1913, the city passed a resolution revoking the permit which it had theretofore granted to the Railway & Power Company to furnish electric current for lighting purposes, and providing that from and after April 15th of that year the Railway & Power Company should cease to furnish any current for that purpose. On April 21st the council passed a resolution directing the commissioner of public works to notify the Railway & Power Company that, in case of its failure to comply with the terms and conditions of the ordinance before the expiration of 30 days after service of notice, the city would consider the franchise null and void. The notice was served on April 23d. The Railway & Power Company, having failed to comply with the notice, commenced on May 22d of that year an action to enjoin the city from repealing the ordinance of 1905, or from declaring the same null and void, or from asserting a forfeiture. The city answered, setting up the facts hereinabove adverted to, and thereafter the court adjudged that the franchise granted to the Railway & Power Company had been forfeited by its act in continuing to furnish the Northern Pacific Railway Company with power for lighting, and that the Railway & Power Company was no longer entitled to exercise any privileges thereunder, except to remove its poles, etc., within the time fixed by the ordinance. On appeal to the Supreme Court of the state, the judgment was affirmed (Tacoma R. & Power Co. v. Tacoma, 79 Wash. 508, 140 Pac. 565); the court holding that the condition in the franchise that the Railway & Power Company should not furnish electricity for lighting purposes was a valid one, and that the city had power so to limit the franchise, that the limitation was not abrogated by the Public Service Commission Law (Laws 1911, p. 543), and that the refusal of the Railway & Power Company to discontinue furnishing power to the Northern Pacific Railway Company for lighting purposes warranted the court in adjudging a forfeiture.

Thereafter came the Old Colony Trust Company, the appellant herein, a corporation of the state of Massachusetts, into the United States District Court with a bill against the city of Tacoma, the appellee herein, praying the court to enjoin the appellee from asserting a forfeiture of the franchise, and from asserting title to the electric plant operated thereunder, alleging that the franchise and power line were subject to the lien of a mortgage, executed to the appellant as trustee by the Railway & Power Company, to secure bonds in the amount of $1,300,000, and setting forth the proceedings in the suit in the state court, and alleging that the appellant was not a party to that litigation, and had no notice or knowledge thereof, or of any act of the appellee for the purpose of forfeiting said franchise; and the bill set forth certain negotiations that were had between the appellant and certain officers of the city shortly prior to the adoption of the resolution of forfeiture by the city, by which, it is alleged, it was arranged and agreed between the city and the appellant that the question of the right of the latter to serve the Northern Pacific Railway Company should be tested by an injunction suit to be brought

by the city, and that no action would be taken by the city for the purpose of forfeiting the franchise of the appellant, and that in reality the resolution of April 21st was adopted for the purpose of carrying out the understanding between the parties that a test suit be had to determine the right of the appellant to furnish the Northern Pacific Railway Company power for lighting purposes; and the bill alleged that, the appellant not having been a party to the proceedings in the state court and having had no knowledge thereof, the result of the judgment therein is to deprive the appellant of its property without due process of law. The appellant prayed for an injunction restraining the city from taking any step to forfeit the franchise. Upon the final hearing in the court below, the appellant's bill was dismissed.

James B. Howe, of Seattle, Wash., and John A. Shackleford, of Tacoma, Wash., for appellant.

T. L. Stiles, City Atty., and Frank M. Carnahan, Asst. City Atty., both of Tacoma, Wash., for appellee.

Before GILBERT and MORROW, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] In the case before the state Supreme Court there were three principal questions: First, whether the condition of the ordinance that the Railway & Power Company should not furnish electricity for lighting purposes was a valid one—that is to say, whether the city had the power so to limit the franchise; second, whether the provision so limiting the franchise was abrogated by the Public Service Commission Law (Laws 1911, p. 543); and, third, whether the refusal of the Railway & Power Company to discontinue furnishing power to the Northern Pacific Railroad Company for lighting purposes warranted a judgment of forfeiture. The answers to the first two of these questions depended upon the construction of state statutes, and the decision of the Supreme Court of the state thereon is conclusive upon a federal court.

[2] While the third question did not depend upon the construction of a state statute, it involved the application of principles of law to local conditions, and the ruling of the state court should be controlling in a federal court. Blaylock v. Incorporated Town of Muskogee, 117 Fed. 125, 54 C. C. A. 639; Claiborne County v. Brooks, 111 U. S. 400, 4 Sup. Ct. 489, 28 L. Ed. 470; Detroit v. Osborne, 135 U. S. 492, 10 Sup. Ct. 1012, 34 L. Ed. 260.

The appellant contends that the court below erred in denying it relief, and in refusing to restrain the forfeiture of the mortgaged property because of an act done by the mortgagor after the execution of the mortgage without the knowledge of the mortgagee, and under the belief of the latter that the litigation in the state court constituted a test case only for determining whether the mortgagor had or had not the right to do the acts in question. The court below found that the evidence was insufficient to show "by the clear and convincing proof necessary" that the officers of the city wrongfully or intentionally misled the officers of the Power Company, or made statements of such a nature as to warrant the latter in assuming that the resolution declaring a forfeiture would be disregarded.

We find no ground to disturb that conclusion. The commissioner of light and water of the city of Tacoma is not shown to have had authority to bind the city by any statement to the Railway & Power Company, and while it does not appear whether or not the city attorney had such authority, the evidence is insufficient to show that he became a party to any understanding by which the litigation was to be a friendly suit for the purpose of determining rights, and with no view upon the part of the city to a forfeiture of the franchise. No effort was made by the Railway & Power Company to obtain any concessions from the city council. The company seems to have relied upon the strength of its own contention that the city had no authority to limit the franchise as it did, and that in any view the limitation was abrogated by the statute of 1911, and upon its belief that in any event the city would not resort to so harsh a measure as the forfeiture of the franchise. That confidence in its position seems to have influenced the company to disregard the two resolutions of the city council, and to continue to furnish current for lighting after the expiration of the 30-day period.

[3] We find no merit in the contention that the denial of the right of the Railway & Power Company to transmit current for lighting purposes was intended only to constitute a withholding of a franchise for that purpose, and that the prohibition against furnishing electricity for lighting purposes was not intended to constitute a condition for the forfeiture of the franchise granted for the other two purposes mentioned, namely, electricity for heating and power, but was merely intended to negative any possible claim on the part of the grantee that the current which it was authorized to transmit could be disposed of for lighting purposes. It is sufficient in answer to this contention to point to the plain provisions of the ordinance, one section of which grants the franchise to transmit electric current for furnishing power and heat, but provides that the grantee shall have no right to supply electric current for lighting purposes, and another section of which declared that the rights granted shall be null and void and absolutely of no effect "upon the failure of the grantee to perform any and all of the conditions in the ordinance specified."

[4] Nor can we assent to the proposition that the franchise is not subject to forfeiture except for failure to perform some affirmative act in the ordinance mentioned. The language of the ordinance is: "Upon the failure of the grantee to perform any and all of the conditions in the ordinance specified." To perform all of the conditions specified is to abide by all the conditions expressed, to conform to the requirements of the ordinance, whether it be to do a specified act, or to refrain from doing a specified act. "To perform is to execute the provisions, commands, or requirements of." 30 Cyc. 1392.

[5, 6] We have given careful consideration to the appellant's contention that the charter of the city did not prevent the city council from granting a franchise for the sale of electric power for lighting purposes, and this for the reason that the charter adopted in March, 1896, containing the perpetual prohibition against the grant to any person or corporation of a franchise to sell electricity within the

city, so long as the city was engaged in the public duty of supplying light, was abrogated by the statute of 1903, one section of which authorizes the city to grant a franchise for the construction of lines for transmitting electric power, and to fix the terms and conditions under which such franchise may be exercised.

We are unable to perceive any conflict between the charter and the statute, so far as the question of a franchise for furnishing light is concerned. But, if we assume that the statute supplants the charter, we find nothing in the terms of the statute which would prohibit the city from making the precise contract which it made with the Railway & Power Company. The city had the authority to grant franchises for the transmission of electric power, and whether or not it was bound by its charter to deny the right to transmit power for lighting purposes, it at least had the authority to withhold that right at its will, and we see no reason why it could not, even under the act of 1903, insert a reservation which would create in its own favor a monopoly of the business of furnishing light within the city limits. The provision of the state Constitution, directed against monopolies (article 1, § 12), makes an express exception of municipal corporations.

The decree is affirmed.