## ST. LOUIS–SAN FRANCISCO RY. CO. v. PAYNE, County Treasurer.

(Circuit Court of Appeals, Eighth Circuit. September 17, 1924.)

No. 6557.

**Courts ⊜366(1)—Federal courts controlled by state decisions as to construction of state Constitution and statutes.**

In cases depending on the Constitution and laws of a state, their construction by the highest tribunal of that state, establishing a rule of property, is controlling authority in the courts of the United States, where no question of right under the Constitution of the United States, the laws or treaties of the nation, and no question of general or commercial law is involved.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Orie L. Phillips, Judge.

Action at law by the St. Louis-San Francisco Railway Company against James E. Payne, County Treasurer of Creek County, Okl. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

W. F. Evans, of St. Louis, Mo., and C. B. Stuart, J F Sharp, M. K. Cruce, and J. F. Sharp, Jr., all of Oklahoma City, Okl., for plaintiff in error.

Before SANBORN and LEWIS, Circuit Judges, and FARIS, District Judge.

SANBORN, Circuit Judge. The St. Louis-San Francisco Railway Company brought this action against the county treasurer of Creek county, Okl., to recover amounts paid by it under protest on account of taxes, which it claimed were illegally levied. In its complaint it set forth 17 causes of action, all of which were finally disposed of by the stipulations of the parties and the judgment of the District Court below, except the third, upon which the court rendered a judgment for the defendant, which is challenged by this writ of error.

The facts with reference to that cause of action are that a levy of 8.7 mills was made against the property of the railway company in Creek county for the benefit of Sapulpa city for current expenses when the general laws of the state of Oklahoma (section 9692, Compiled Statutes, Oklahoma 1921) limited the total levy for the current expenses of each city in that state to 6 mills on the dollar, unless an additional levy was authorized by an election under sections 9707-9712, inclusive. The District Court was of the opinion that, notwithstanding that limitation, a levy for a city operating under a charter might lawfully be made for its current expenses for purely municipal purposes, under the opinions of the Supreme Court of Oklahoma in Rogers, County Treasurer, v. Bass & Harbour Co., 64 Okl. 321, 168 P. 212, and Bodine v. Oklahoma City, 79 Okl. 106, 187 P. 209, and it accordingly rendered a judgment for the defendant upon this cause of action.

Subsequently the Supreme Court of Oklahoma, after extended argument and exhaustive consideration, reached the opposite conclusion, and held that the limitation of the general laws of Oklahoma, cited, of the total levy for the current expenses of each city

in that state to 6 mills on the dollar prevailed over the charters, ordinances, resolutions, and acts of each city in the state, and prohibited a levy in excess of 6 mills on the dollar for that purpose, in the absence of an additional levy authorized by an election, and, in the case in hand, there was no such additional levy. City of Sapulpa v. Land (Okl. Sup.) 223 P. 640; Oklahoma News Co. v. Ryan (Okl.) 224 P. 969, 976, 977.

This is a question of local law. In cases depending upon the Constitution and laws of a state, the construction thereof by the highest judicial tribunal of that state, establishing a rule of property, is controlling authority in the courts of the United States, where no question of right under the Constitution of the United States, the laws or treaties of the nation, and no question of general or commercial law is involved. City of Detroit v. Osborne, 135 U. S. 492, 497, 498, 10 S. Ct. 1012, 34 L. Ed. 260; Blaylock v. Muskogee, 117 F. 125, 126, 54 C. C. A. 639; Clayton v. Tibbens (C. C. A.) 298 F. 18.

The judgment on the third cause of action is accordingly reversed, and this case is remanded to the court below for further proceedings in accord with the views expressed in this opinion.