WILSON v. COUNTS.

1. BETTERMENTS.—NONSUIT properly refused, because there was some testimony tending to show that at the time improvements were made the owner thought he held a good title.    *Divided Court.*

2. CHARGE—HOMESTEAD—BETTERMENTS.—Under the facts in this case, the request to charge, "that if the improvements were made on lands that had been assigned to the defendant for a homestead, then neither the plaintiff nor those through whom he claims, would have the right to recover a judgment against such homestead for improvements made thereon," was properly refused.

MR. CHIEF JUSTICE McIVER, *dissenting.*

Before ALDRICH, J., Lexington, February, 1897. Affirmed.

Action by Willis M. Wilson *v.* Mary J. Counts for betterments.    Judgment for plaintiff.    Defendant appeals.

*Messrs. Ragsdale & Ragsdale* and *C. M. Efird,* for appellant, cite: *Motion for nonsuit should have been granted:* 21 S. C., 101, 316;  31 S. C., 376;  23 S. C., 286;  29 S. C., 96, 303;  41 S. C., 158;  Rev. Stat., 1952;  15 S. C., 552;  5 Rich., 598;  14 S. C., 35;  45 S. C., 283;  50 S. C., 39.    *Can homestead be sold under judgment for betterments:* 22 S. C., 312.

*Messrs. Meetze & Muller, Wm. H. Lyles,* and *J. S. Muller,* contra.    The latter cite: *Homestead cannot be invoked against betterments:* 19 S. C., 242;  45 S. C., 64;  43 S. C.,

279.   *Betterments in nature of partition with owner of fee:*
Rev. Stat., 1956.

April 1, 1898.  The opinion of the Court was delivered by

MR. JUSTICE POPE.   The plaintiff seeks relief here under what is known as the "Betterment Act."   In his complaint he alleges: That the defendant, in the case at bar, recovered from him a certain tract of land, containing two acres; that he, Willis M. Wilson, purchased the said two acres from one B. B. McCreery, who derived title through one W. P. Summer, who derived title through Ann L. Stoudenmire.   That said W. P. Summer believed when he bought said land that he was acquiring a good title, and that the price paid by him for said two acres was $150; and that he, believing that his title was good, made valuable improvements thereon by erecting thereon a large frame dwelling house of the value of $1,000, whereby the said land was enhanced in value $1,000, and he prays for judgment for $1,000 and costs.   The answer admits that the defendant here recovered in her action therefor, the two acres of land, but denies that the said W. P. Summer, when he purchased the land, or when he erected the dwelling house thereon, believed that he had a good title to the same, and avers that W. P. Summer at all times knew that his title to said land was defective.

The action came on for trial before his Honor, James Aldrich, as presiding Judge, and a jury.   At the close of plaintiff's testimony, defendant moved for a nonsuit, which motion was overruled.   At the conclusion of the testimony, and the charge of the Judge, the jury returned a special verdict wherein they found that the land, before any improvements were made, was worth $300, and fixing the value with improvements at $800.   After entry of judgment on the verdict, the defendant appealed on two grounds.   These grounds will be considered in their order:

"1st. Because his Honor erred in refusing the defendant's motion for a nonsuit—the plaintiff having offered no testi-

mony to sustain the cause of action set forth in his complaint. The specific grounds of this exception are as follows: The plaintiff's action was ,to recover for 'improvements' alleged to have been made on the premises described in the complaint, by one W. P. Summer, under whom the plaintiff alleged that he claimed title, and that said Summer supposed and believed at the time that he purchased said premises, that his title was good in fee; *whereas*, the plaintiff not only failed to offer any testimony to show that said Summer supposed the title purchased by him to be good in fee, but did show, by his own witnesses, that the said Summer did not, at the time of his purchase nor at any other time, suppose or believe that the title purchased by him was good in fee, and hence a nonsuit should have been ordered." While the testimony of W. P. Summer and Mrs. Stoudenmire does go to support defendant's contention, yet the testimony of other witnesses offered by plaintiff, respondent, was, to a certain extent, in the opposite direction. There is no rule of law by which a Circuit Judge, in deciding a motion for a nonsuit, can believe one set of witnesses and refuse to believe another; on the contrary, in cases on the law side of the Court below, this is the peculiar province of a jury. This Court has long since and many times announced that if there is any material testimony in support of a plaintiff's cause of action, it is the duty of the Circuit Judge to refuse a nonsuit, and let the issues of fact be given to a jury. We have examined this testimony carefully, and must say, as the result of such examination, we are satisfied with the ruling of the Circuit Judge. The first exception must be overruled.

"2. The defendant excepts, because his Honor erred in refusing to charge the jury as requested by the defendant, 'That if the improvements were made on lands that had been assigned to the defendant for a homestead, then neither the plaintiff nor those through whom he claims would have the right to recover a judgment against such homestead for improvements made thereon.'" The Cir-

cuit Judge stated, in passing upon this request:
"Well, gentlemen, I cannot charge you that, because the
allegations of the complaint and admissions of the answer,
which are a part of the cause, in my opinion, leave no room
for question of homestead to enter into the consideration of
the case. I do not see where the question of homestead
comes in the case. Counsel is entitled to have me pass
upon the request to charge, and, for the reason stated, I
must decline the request." At first examination we were
inclined to the opinion that the Circuit Judge had commit-
ted error in refusing the request, but more mature reflection
leads us to conclude that no error was committed. The
original action of Mrs. Counts against Willis M. Wilson, in
which she recovered the possession of this lot of land, is
made the basis of her claim to this property; it is so asserted
in complaint, and it is admitted in her answer, and reference
is made in the examination of one of the witnesses to the
brief used on appeal in that case to the Supreme Court of
this State. Such appeal is reported in the 45th S. C. Rep.,
at pages 571 to 574, inclusive, and, by the terms of the
opinion in that case, as formulated by Mr. Justice Gary, it
is made to appear that Mrs. Counts recovered the land from
Wilson on account of a devise of such land to her under
the will of her grand-father, Adam Stoudenmire, who died
in 1864. There was no homestead law in this state at that
time. It is quite probable that Adam L. Stoudenmire, who
was Mrs. Counts' father, had a life estate in the land.
When, therefore, the witness, Mrs. Ann Stoudenmire, the
mother of Mrs. Counts, referred in her testimony to the
land being set apart to herself and daughter as a homestead,
she had reference to some kind of proceedings taken in the
lifetime of Adam L. Stoudenmire, who was the son of the
devisor, Adam Stoudenmire. It is quite certain that no
claim of homestead in said lands beyond the lifetime of said
Adam L. Stoudenmire could have been said to exist. Is it
not equally clear that the present appellant, Mrs. Counts,
who is the defendant in the action brought by Willis M.

Wilson for betterment, could not set up a claim of homestead so as to defeat a claim for improvements placed upon her land by one who supposed he had a title in fee thereto? Look at the proposition in its baldness. Here this Mrs. Counts had two acres of land, without the vestige of an improvement thereon, valued at the time at $150. W. P. Summer, who purchased from her mother, supposing he had a good title thereto, built a dwelling house thereon, that two witnesses valued at $1,500, but which the jury valued at $500. The present Constitution, in its language as set forth in section 28 of article III., says: "The General Assembly shall enact such laws as will exempt from attachment, levy, and sale under any mesne and final process, issued from any Court to head of any family in this State a homestead in lands * * * Provided further, That no property shall be exempt from attachment, levy, and sale for taxes, or for payment of obligations contracted for the purchase of said homestead, or personal property exemption, *or the erection or making of improvements or repairs thereon* * * *" The General Assembly has passed appropriate legislation to secure a homestead to the persons entitled thereto. Then, too, it has enacted laws which secure persons purchasing lands, believing their titles to be in fee, who make improvements upon said lands, from loss for such improvements, when evicted by a person holding a superior title. The recent case of *Tumbleston* v. *Rumph*, 43 S. C., 275, states this legislation so clearly, it is needless to encumber this opinion with a repetition thereof. Why, then, should Mrs. Counts be allowed to reap where she had not sown? Under the "Betterment Laws," she does not lose her land; she can pay for the improvements and keep the land; or she can allow the land to be sold and receive $300 for lands which were sold before the improvements were placed upon the land for $150. There is no hardship here. The Circuit Judge gave as the reason for his conclusion, that there was no place in the issues framed in the pleadings, for any question of homestead. There may be

some virtue in the reason given by the Circuit Judge.    But
the views advanced in this opinion seem to go more directly
to the root of the matter.    This exception must be overruled.

The views of Mr. Justice Pope, concurred in by Mr. Jus-
tice Jones, are in favor of affirmance, while those of Mr.
Chief Justic McIver and Mr. Justice Gary are in favor of a
reversal, of the Circuit judgment.    By the Constitution of
this State, in such cases provided, the Circuit judgment
stands affirmed.

MR. CHIEF JUSTICE MCIVER, *dissenting*.    I cannot con-
cur in the conclusions reached by Mr. Justice Pope, for the
following reasons: The plaintiff's case rested entirely upon
the allegation that W. P. Summer, under whom the plain-
tiff derived his title, supposed the title to the land to be
good at the time he purchased the same.    So far from there
being any testimony to sustain this allegation, the plain-
tiff's own witness, the said Summer, distinctly testified not
only that he did not suppose the title to be good, but, on
the contrary, that he knew at the time that the title was
not good, and went on to explain why he was willing to
accept a defective title.    This witness having been offered
by the plaintiff himself, he was not at liberty to discredit
his testimony, and, therefore, there was error in refusing
the motion for a nonsuit.

It seems to me, also, that appellant's second exception,
in regard to the homestead, should be sustained.    The only
judgment that could be rendered in favor of the plaintiff,
under the betterment law, would be a judgment for the
sale of the land, and no judgment against any other prop-
erty of the defendant could be rendered.    See act of 1885,
incorporated in Rev. Stat. as sec. 1958.    It seems to me,
therefore, that appellant was entitled to have the jury in-
structed as requested; for if the land recovered by the de-
fendant herein from the plaintiff herein, in the former
action, had been assigned to the defendant herein as her
homestead, then I do not see how such land could be ad-

judged to be sold, without violating the Constitution. The claim of the plaintiff cannot be regarded as an obligation contracted for the payment of improvements on the homestead, for there is no pretense that any such contract was ever entered into by the defendant herein. Nor do I see how any allegations in the pleadings could have been made in regard to the homestead. The question here is as to the *judgment*, and not as to any issues raised by the pleadings.

MR. JUSTICE GARY, *dissenting*. I dissent, on the ground that the motion of nonsuit should have been granted.