In re SALE.

(Circuit Court of Appeals, Sixth Circuit. February 20, 1906.)

No. 1,453.

BANKRUPTCY—HOMESTEAD EXEMPTION—KENTUCKY STATUTE.

Under the homestead statute of Kentucky (Ky. St. 1903, § 1702 et seq.), which, as construed by the Court of Appeals of the state, gives a mere right of occupancy to a debtor as against his creditors, the right cannot exist in land to which the debtor has not a present legal right of occupancy; and a bankrupt is not entitled to a homestead exemption in land the title to which is in his wife for life, with remainder to him on her death, although the land is occupied as a home by, both husband and wife and their children.

Petition to Review an Order of the District Court of the United States for the Western District of Kentucky.

Jos. R. Grogan, for petitioner.

Campbell & Campbell, for bankrupt.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. The bankrupt has been allowed a homestead as exempt under the law of Kentucky in a house and lot occupied by the bankrupt, his wife, and their family, the title to which is in the bankrupt's wife for life, with remainder to the bankrupt at the death of the wife. The trustee has filed this petition for a review of this order.

Ky. St. 1903, § 1702, provides that there shall be exempt, subject to certain exceptions not necessary to be here stated, "so much land, including the dwelling house and appurtenances owned by debtors, who are actual bona fide housekeepers with a family, resident in the commonwealth, as shall not exceed in value one thousand dollars." By section 1707 this homestead is declared to be for the use of the widow so long as she occupies the same and the unmarried infant children of the husband, and by section 1708 the homestead of a woman is in like manner for the use of her surviving husband and her unmarried children.

In Brame v. Craig, 75 Ky. 404, it is held that the homestead exemption is not an estate in lands, but only a privilege of occupancy with the family as against creditors. To the same effect are the cases of Little's Guardian v. Woodword, 14 Bush (Ky.) 585, Eby v. Lovelace, 4 Ky. Law Rep. 449, and Schmidt v. Oliges, 6 Ky. Law Rep. 297. Being a mere right of occupancy, it is lost by removing with intent to permanently locate elsewhere. Carter v. Goodman, 11 Bush (Ky.) 228. But the Kentucky homestead law applies as well to estates for life as it does to estates held by the debtor in fee, and in Robinson v. Smithey, 80 Ky. 636, it was held that a widow holding a life estate under the will of her husband, with remainder to her children, was entitled to a homestead out of her life estate as against her personal creditors. It follows, therefore, that Mrs. Sales would be entitled to a homestead out of her life estate for the benefit of herself

and family, including her husband. If her husband is also entitled to a homestead out of his reversionary remainder, there may be two homesteads at the same time in the same land.

Inasmuch as the right of homestead is a mere right of use and occupancy protected against creditors for reasons of public policy affecting the security of a home for the debtor and his family, it logically cannot exist in any land in which the debtor has not a present legal right of possession or occupancy. It is therefore generally held that a homestead cannot exist in a remainder or reversion, for in such case the legal present right of occupancy is in the tenant for life, and the remainderman or reversioner can have no present legal right of occupation. 15 Am. & Eng. Encyc. of Law, p. 557; Howell v. Jones, 91 Tenn. 402, 19 S. W. 757; Brokaw v. Ogle, 170 Ill. 115, 48 N. E. 394; Murchison v. Plyler, 87 N. C. 79; Wilson v. Counts, 52 S. C. 218, 29 S. E. 649. This seems to be the settled law of Kentucky. In Merrifield v. Merrifield's Assignee, 82 Ky. 527, 535, it appeared that the land in which D. B. Merrifield claimed a homestead was a place conveyed by his father to him subject to a life estate in his mother. His mother, becoming a widow and indebted, was allowed a homestead out of her life estate, or the value thereof in the proceeds of sale. D. B. Merrifield also claimed as against his creditors a homestead exemption in his reversionary estate. This was denied him, although it is stated that Abigail Merrifield, the widow of the grantor and mother of D. B. Merrifield, "jointly with D. B. Merrifield and his family continued, as they had done before his death [the grantor], to occupy the farm conveyed." Upon this matter of the claim of two homesteads out of the same land, the court said:

"But both she and D. B. Merrifield cannot have a homestead in the land. It was decided in the case of Meguiar, Helm & Co. v. Burr, 4 Ky. Law Rep. 659, that joint owners of a tract of land, upon which they both live in separate buildings with their families, are each entitled to a homestead, although the land has not been divided. But this court has never gone so far as to determine that both the widow and the remainderman can, at the same time, have a homestead in the same land, nor do we think the statute can be so applied and extended. The theory of the homestead exemption is that the debtor requires a prescribed amount in value of land to be set apart for the support of himself and dependent family, but to accomplish such a beneficent object he must have the right to occupy and use it; and hence it is an indispensable requisite that a party claiming the exemption must be in the actual possession. But a party having merely an interest in remainder is without any right to the possession, and, in the meaning of the law, not in possession."

This case was approved and followed in the case of Roach v. Dance, 80 S. W. 1097, 26 Ky. Law Rep. 157.

A distinction between that case and this is sought to be established by reason of the fact that the bankrupt and his wife occupy the premises out of which he asks a homestead as one family, while in the Merrifield Case Merrifield and his family constituted one family and his mother another, although they resided together. But no sound distinction can be rested upon this difference. The foundation of the right of homestead is a present legal right of occupancy and possession, a possession in the debtor's own legal right as owner of the

land. A possession in the right of the wife's ownership is at most dependent upon the marital relation and in a large sense is an occupancy at sufferance. The legal principle upon which Merrifield v. Merrifield and Roach v. Dance must rest is that a homestead right, being a mere right of occupancy, cannot exist in land to which the debtor has not a present legal right of occupancy.

The order allowing a homestead must be set aside, and the report of the referee against the right of the homestead confirmed.