## GRATTAN v. TREGO.

(Circuit Court of Appeals, Eighth Circuit. July 6, 1915.)

No. 152.

1. BANKRUPTCY ☞396—EXEMPTION—STATE LAW.

Under Bankr. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 (Comp. St. 1913, § 9590), providing that the act shall not affect the allowance to bankrupts of the exemptions to them prescribed by state laws in force at the time of the filing of the petition in the state where they have their domi-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cile, and section 47a (Comp. St. 1913, § 9631), providing that trustees in bankruptcy shall set apart the bankrupt's exemptions, the right of a bankrupt to a homestead exemption was to be determined by local state law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. ☞396.]

**2. WILLS ☞634—ESTATE DEVISED—FEE SIMPLE IN REMAINDER—CHARACTER AS VESTED.**

Where a bankrupt's father willed a farm to testator's wife for life, then to the bankrupt at her death, upon paying the other children $500, the bankrupt took a present vested fee title, subject to the life tenant's rights in the farm.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. ☞634.]

**3. BANKRUPTCY ☞396—EXEMPTION—TITLE TO SUPPORT—STATUTE—"OWNER."**

Under Const. Kan. art. 15, § 9, and Gen. St. Kan. 1909, § 3646, both providing that a homestead of 160 acres of farming land, occupied as a residence by the family of the owner, shall be exempted from sale under any process of law, where a bankrupt was the owner in remainder of the fee in such a farm, whereon his family resided, his mother being life tenant, and nonresident, he was entitled to such farm as an exemption; the title being sufficient to constitute the bankrupt "owner" of the land, within the meaning of the Constitution and statute.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. ☞396.

For other definitions, see Words and Phrases, First and Second Series, Owner.]

**4. BANKRUPTCY ☞396—EXEMPTION—TITLE TO SUPPORT—STATUTE—"OWNER."**

Under Const. Kan. art. 15, § 9, and Gen. St. Kan. 1909, § 3646, where a bankrupt, owner in remainder of the fee in the farm on which his family resided, paid his mother, the life tenant, $125 annually for the farm, paid the taxes, and kept up the improvements, he was a tenant of his mother, owner of the life estate, from year to year, and entitled to an exemption in the farm as a homestead; his title as tenant being sufficient to constitute him "owner," within the Constitution and statute.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. ☞396.]

**5. BANKRUPTCY ☞396—EXEMPTION—TITLE TO SUPPORT—STATUTE.**

Under Const. Kan. art. 15, § 9, and Gen. St. Kan. 1909, § 3646, both providing that a homestead of 160 acres of farming land, occupied as a residence by the family of the owner, shall be exempted from sale under any process of law, the bankrupt, owner of the fee in remainder in such a farm, being a tenant from year to year of the life tenant, was not precluded from his right to the exemption because the life tenant had the present right of immediate occupancy, since a right of occupancy given by a leasehold from year to year is sufficient to support the exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. ☞396.]

**6. BANKRUPTCY ☞396—EXEMPTION—HOMESTEAD—TIME OF OCCUPANCY—STATUTE.**

Under Const. Kan., art. 15, § 9, and Gen. St. Kan. 1909, § 3646, both providing that a homestead of 160 acres of farming land, occupied as a residence by the family of the owner, shall be exempted from sale under any process of law, no specified time is necessary for the occupancy of such a farm by the owner's family to entitle him to his exemption therein on bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. ☞396.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition to Revise Order of the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition by James E. Grattan, as trustee in bankruptcy of the estate of E. W. Trego, against E. W. Trego, to revise sustaining by the District Court in bankruptcy of respondent's claim to a homestead exemption. Petition dismissed.

Edwards, Kramer & Edwards, of Kansas City, Mo., Bennett & Cullison, of Iola, Kan., and Frank W. Yale and Ernest S. Ellis, both of Kansas City, Mo., for petitioner.

E. W. Myler and A. F. Florence, both of Iola, Kan., for respondent.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

LEWIS, District Judge. This is an original proceeding to revise the action of the District Court sitting in bankruptcy in sustaining the claim of the bankrupt to a homestead exemption. The respondent, bankrupt, resided in the town of Humboldt, Kansas, up to October 23, 1913. He had owned a residence in the town, and he and his family had occupied it for several years. He deeded it to his wife on August 1, 1913, and she sold and conveyed it on October 30, 1913. On October 23, 1913, he moved his family from the town onto a 160-acre farm (S. E. ¼ Sec. 3, T. 26, R. 19) a few miles distant in the country. He had been a hardware merchant, but before leaving the town had failed in business.

After placing his family and his household goods in the residence on the farm on October 23, 1913, he and his family have continued to remain there and occupy the premises as a home. The farm had been the property of his father who died testate January 12, 1893, leaving a widow who was eighty years of age at the time the exemption was claimed, and the respondent and other children surviving him. The respondent testified that his father "left the farm for mother (the widow) to have the income for life, and at her death I was to have the farm by paying the other children $500."

The last will was not offered in evidence, but its terms in this regard were given by the respondent, when on the stand as a witness, in the words above quoted, and the petitioner accepts the terms of the will as thus given as correct.

It further appears that the widow soon after the death of her husband went to the State of Pennsylvania and has since resided there. She has never occupied the farm since that time. It does not appear that anyone is dependent on her, or that anyone is living with her or that she is the head of a family. On her removal from Kansas, more than twenty years ago, she turned the farm over to her son (respondent) on a verbal agreement of lease, by which he was to pay her annually $125.00, pay the taxes, and keep up the improvements. That condition has been maintained ever since and he has complied with the agreement. He was at liberty to occupy the farm himself or to rent it, as he pleased. He has let others in, some of whom paid him a money consideration and some a part of the crop.

They held under him, but it does not appear that anyone, except the respondent, was in possession on and after October 23, 1913.

On December 5th, following the removal to the farm and while it was so occupied by respondent and his family, he filed his voluntary petition in bankruptcy, was adjudicated a bankrupt thereon, and the petitioner thereafter was appointed trustee of his estate. The bankrupt claimed the farm as his homestead exemption in his schedule; a hearing was given him on his claim, testimony was taken establishing the foregoing recited facts, and the trustee filed his report with the referee advising that the bankrupt had made claim to the farm as exempt to him as a homestead, but stating that in his opinion the bankrupt was not entitled to have the claim sustained and the homestead set off as such because of the character of the estate owned by the bankrupt in the lands, and further because the claimed right had not been acquired a sufficient length of time before bankruptcy. The referee took the same view, the claim was denied and the trustee refused to set off the exemption. The question was certified and the learned District Judge entered an order reversing the action of the trustee and referee and directing that the lands be set off to the bankrupt as his homestead exemption. The petition here challenges the action of the court in directing that the claim be allowed.

[1-4] Of course, the issue is determined by local law. Bankruptcy Act, Sections 6 and 47a; Bank v. Glass, 79 Fed. 706, 25 C. C. A. 151. The state constitution and statute are in the same words:

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists." Const. Kan. art. 15, § 9.

The contention for petitioner is two-fold, (a) bankrupt's title was not sufficient, and (b) his occupancy was not by present right.

1. On the death of his father the bankrupt took the fee title subject to the rights of the life tenant. It was a present vested estate in the lands. 2 Washburn on Real Property (5th Ed.) p. 590.

In Tarrant v. Swain, 15 Kan. 146, the claim was based on a title in co-tenancy; in Moore v. Reaves, 15 Kan. 150, the claim was based on a mere equitable right, a contract to purchase; in Hogan v. Manners, 23 Kan. 551, 33 Am. Rep. 199, the claim was based on a lease from year to year, with the privilege in the lessor of revocation at any time; and in each instance the claim to exemption was sustained. Not only was the bankrupt the owner of the fee in remainder, but we think the facts show that he was the tenant of the owner of the life estate from year to year at the time of his occupancy and claim to the exemption. Either of these estates so held by the bankrupt was sufficient to meet the first contention. We think the title sufficient and that bankrupt was the owner of the lands within the meaning of the statute and constitution as thus construed.

[5] 2. But it is contended, and with more force, that the claim cannot be sustained because of the life estate in the widow who has, it is said, the present right of immediate occupancy; and to this is cited In re

Sale, 143 Fed. 310, 74 C. C. A. 448, and cases therein relied on, and others which may be found in 21 Cyc. 503, 504, and 15 A. & E. Encyc. of Law (2d Ed.) 537. It must be conceded that those cases so hold, and this seems to be the general doctrine; however, in some of them the life tenant was also in possession of the premises, and for this reason the homestead right could not co-exist in the owners of the two estates, and was held to belong to the life tenant who had the present possessory right.

It is urged that Hay v. Whitney, 59 Kan. 771, 51 Pac. 896,[1] supports the contention. The claim was there made by a lessee. The right to the exemption was denied, and as we read it, the conclusion was based on the fact that the lessor also occupied the premises at the time. Here the life tenant is not in possession and has not been for more than twenty years. That right has belonged to the bankrupt during all that time and at the time he made the claim.

It was expressly held in Hogan v. Manners, 23 Kan. on page 556, 33 Am. Rep. 199, supra, that a right of occupancy given by a leasehold from year to year was alone sufficient to support the exemption. The court, after stating that the claimant of the right had only a leasehold interest from year to year, said:

"The question arising on these facts is, whether a leasehold estate will support the homestead right."

The question was answered in the affirmative, and on page 558:

"A leasehold estate in land is therefore 'land,' within the statutory definition of the term, and an owner of the leasehold estate is an owner of land; and it matters not whether the duration of this estate be ninety-nine years, or but a single year; the character of the title or estate is the same. The owner of a leasehold estate is therefore within the letter of the homestead law; he is also within the spirit. Its purpose is not so much to give a man property as to secure his family a home."

Again (page 559):

"In Sears v. Hanks, 14 Ohio St. 301 [84 Am. Dec. 378], the court, speaking of the homestead law, says: 'We think its provisions protect the debtor's family as against his creditor to the enjoyment of an actual homestead, irrespective of the title or tenure by which it is held.' In Spencer v. Geissman, 37 Cal. 99 [99 Am. Dec. 248], it was held that one having a mere naked possession, the title being in a stranger, may acquire a homestead right as against everybody but the true owner."

Authorities are cited to support the conclusion. The possession of the bankrupt was by right against even the life tenant.

[8] 3. The other ground on which the trustee and referee denied the claim is not pressed. It is not tenable. No specified time is fixed for length of occupancy prior to the assertion of the claim. Indeed, occupancy, as here used, has been made to relate back of actual possession for the purpose of protecting the right. Ingels v. Ingels, 50 Kan. 755, 32 Pac. 387; Randolph v. Wilhite, 78 Kan. 355, 96 Pac. 492.

---

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 59 Kan.

The action of the court in directing that the homestead exemption be set off as claimed was right, and the petition is dismissed, with costs to respondent.

It is so ordered.