### CLAYTON et al. v. TIBBENS.

(Circuit Court of Appeals, Eighth Circuit. April 3, 1924.)

#### No. 6467.

1. **Guardian and ward �findex⟩113—Oklahoma statute, changing procedure for sale of ward's personal property, held not to affect extension of oil and gas lease.**

　　Rev. Laws Okl. 1910, § 6558, which changes procedure for guardian's sale of personal property under Comp. Laws Okl. 1909, § 5503, does not effect established rule of state that an extension of guardian's oil and gas lease, as long as oil, gas, or gasoline is produced, is valid, and where such extension agreement was made with approval of county court prior to promulgation of probate rule No. 9, it was valid, though parties negotiated contract without competitive bidding or preliminary notice.

2. **Courts ⟩359—State law governs validity of extension of oil and gas lease.**

　　Whether agreement for extension of oil and gas lease by guardian of minor is valid is question of local state law.

3. **Courts ⟩366(2)—Construction of state constitution or laws by state courts controls federal courts.**

　　The construction of state Constitution or laws by highest state court, establishing rule of property, controls federal courts, where no question of right under federal Constitution, laws, or treaties, and no question of general or commercial law, is involved.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Suit by C. G. Tibbens against William McKinley Clayton, a minor, by W. H. O'Dell, his guardian ad litem, and others, to quiet title to gas

and oil lease. From a decree of the District Court for plaintiff (288 Fed. 393,, defendants appeal. Affirmed.

J. L. Hull and N. A. Gibson, both of Muskogee, Okl. (T. L. Gibson, of Muskogee, Okl., and W. H. Odell, of Sapulpa, Okl., on the brief), for appellants.

George S. Ramsey, of Muskogee, Okl. (Edgar A. deMeules, of Tulsa, Ala., on the brief), for appellee.

Before SANBORN, Circuit Judge, and BOOTH and REEVES, District Judges.

SANBORN, Circuit Judge. William McKinley Clayton, a minor and the owner of 160 acres of land in Oklahoma, on January 2, 1907, by his guardian, pursuant to the order and approval of the proper court, made an oil and gas lease of this land for the term of 15 years. On July 3, 1913, pursuant to the order and with the approval of the proper county court, which had jurisdiction over probate matters, he, through his legal guardian, made a written contract with the complainant below, C. G. Tibbens, the assign of the lessee, who was then in possession of and operating the leased premises, to the effect that the term of the lease should be and was extended "as long as oil, gas or gasoline, or either of them, is produced or saved from the premises," in consideration of the agreement of Tibbens that the lessor's royalty should be and that it was on and after January 1, 1914, increased from one-tenth to one-eighth of the oil produced under the lease, that the complainant would erect a modern gasoline plant sufficient to, and that he would, manufacture the casing head gas produced on the premises into gasoline, and pay to the lessor a gasoline royalty of one-eighth of the sum of all the casing head gas produced on the premises at the rate of 4 cents per 1,000 cubic feet. The complainant performed his part of this agreement of extension, built the gasoline plant at an expense of $36,000, and paid the increased royalties. In the year 1921 the minor and the then guardian of his estate made the claim that the agreement of extension was unauthorized and void, and employed attorneys to bring a suit to obtain a decree to that effect. Thereupon the complainant brought this suit against the minor, the guardian of his estate, and others claiming under them, to quiet the title to his leasehold estate, and to secure a decree that the claims of the defendants were baseless, and that the defendants be enjoined from claiming any rights or interests adverse to the rights of the complainant as evidenced by the extension agreement.

The claims of the parties were properly presented to the court below by pleading, evidence, and argument, and after final hearing that court held that the extension agreement was valid, and rendered a decree in favor of the complainant for the relief he sought. The defendants appealed, and the question in this case now is: Was this extension agreement valid or void?

Counsel for the defendants contend that the agreement of extension was unauthorized and void because (1) if valid, it was a sale of a part of the real estate of the minor, since it attempted to grant to the lessee

a base or qualified fee in an incorporeal hereditament, and no such sale of a part of the real estate of a minor could be lawfully made under the statutes of Oklahoma until after an order to show cause to the next of kin and persons interested in the estate of the ward why the real estate should not be sold had been issued by the court at least four weeks before the time fixed in the order for the hearing, nor without the statutory notice thereof to them, nor without an order of the county court for a sale conducted as specified in the statutes for the sale of the real estate of decedents (Revised Laws of Oklahoma 1910, §§ 6554, 6557, 6558, 6559, 6560, 6563, 6565, 6381, 6383), and no such order to show cause was made, or notice to the next of kin or others interested was given, or sale in the manner prescribed for the sale of the real estate of a decedent was conducted in the proceeding for the agreement of extension of the lease in this case; because (2) if the property attempted to be vested in the complainant by the extension agreement was not real estate, it was personal property, and the personal property of the minor could not be lawfully sold otherwise than at public auction after public notice for 15 days, unless for good reason shown to the court it should order a private sale or a shorter notice (section 6370), nor without notice unless the property was perishable, likely to depreciate in value or such as would incur loss or expense by being kept (section 6366), and there was no sale or public auction nor notice of sale for 15 days, nor any other attempt to comply with these requirements of the statute cited in the making of the agreement of extension of the lease; and because (3) at the time the agreement of extension was made section 6558 of the Revised Laws of Oklahoma 1910 had taken the place of section 5503 of the Compiled Laws of Oklahoma 1909, which was in force at the time of the decision in Duff v. Keaton, 33 Okl. 92, 124 Pac. 291, 42 L. R. A. (N. S.) 472, and section 6558 required that in case of the sale of personal property of a ward, or any part of it, an order to show cause why the sale should not be made should be issued to the next of kin of the ward at least four weeks before the hearing fixed therein, unless notice was waived, and no such order or waiver was made or notice was given before or when the agreement of extension was made.

Counsel for the complainant answer these contentions: (1) That the making of the extension agreement was not a sale of any of the real estate or of any of the personal property of the minor within the true construction or meaning of the statutes of Oklahoma prescribing the proceeding for such sales and that those statutes were not and are not applicable to the agreement for the extension or the method of making it; (2) that the provisions of the statutes of Oklahoma which authorize and govern the making of the agreement of extension of the lease are sections 6547 and 6548, Revised Laws of Oklahoma 1910, which were sections 5530 and 5531 of the Compiled Laws of Oklahoma 1909, under which the Supreme Court of Oklahoma held in Duff v. Keaton, 33 Okl. 92, 124 Pac. 291, 42 L. R. A. (N. S.) 472, that the county court was authorized and empowered to order a guardian of a minor to make, and by its decree or order to approve and confirm, an oil and gas lease of his ward's lands without notice to the next of kin

or other parties interested, without competitive bidding in a proceeding like that pursued in the case in hand by virtue of the provision of section 5513 of the Compiled Laws of Oklahoma 1909, that "the county court may make such other orders and give such directions as are needful for the management, investment and disposition of the estate and effects, as circumstances require," and that the statutes of Oklahoma were "entirely lacking as to any specific provision for the procedure to be followed by the guardian in leasing the lands of his ward for agricultural or grazing or commercial purposes or for exploring for oil or gas," (Duff v. Keaton, 33 Okl. 97, 124 Pac. 291, 42 L. R. A. [N. S.] 472); (3) that the proceeding in the county court on which the agreement of extension was made consists of an offer by the complainant to the guardian to make and perform the extension agreement, a petition of the guardian to the proper county court filed July 3, 1913, wherein he set forth the condition of the leased property and the reasons why in his opinion it would be to the interest of his ward to accept the offer and make the agreement, an order of the county court made on July 3, 1913, wherein that court recited that the matter came on for hearing on that day, that after hearing the evidence of disinterested witnesses, and being fully advised in the premises, it found that it was for the best interest of the minor that the proposed agreement described in the petition should be made, and whereby it ordered the guardian to execute the agreement described in the petition and to make return to the court; on the same day the guardian made and filed with the court his return and report that as guardian he had executed the agreement of extension, a copy of which was attached to and made a part of his return and report, and thereupon the county court on the same day made and filed an order and decree that the agreement of extension was ratified, confirmed and approved, and that the guardian was directed to deliver the same properly executed to the complainant; (4) that from the admission of the state of Oklahoma into the Union on November 16, 1907, until July 15, 1914, when the Supreme Court of Oklahoma put into effect probate rule 9, 47 Okl. xiv, xvi, which prohibited the approval of oil, gas, or mineral leases of the property of minors without a sale in open court to the highest and best responsible bidder, it was the custom and practice of guardians of wards and of the county courts of Oklahoma to make and approve oil and gas leases and agreements for the extension thereof by proceedings of the same nature as that used in this case, that it was the general opinion of the attorneys of that state that leases and extensions of leases so made were valid, that titles to property of the value of many millions of dollars rest upon such leases and such extensions of leases, and that, if such leases or such extensions are now held void, because they were not made on competitive bids after notices prescribed for sales of real or personal property of wards, great losses will be sustained by those holding property under such leases, and much disturbance of titles thereto will result.

The evidence in this case convinces that such losses and such a disturbance of titles will be the unavoidable consequence of the establishment now of a rule of law that leases and extensions of leases by guardi-

ans of minors made prior to the effective date of rule 9—July 15, 1914—pursuant to proceedings of the nature of that pursued by the county court in this case, were unauthorized and void.

[1] Nor, upon consideration of the statutes and the decisions of the Supreme Court, is this court of the opinion that the change made in the prescribed procedure for the sale by a guardian of the personal property of his ward by the substitution of section 6558 of the Revised Laws of Oklahoma 1910, for section 5503, Compiled Laws of Oklahoma 1909, warrants the application to guardian's leases or extensions of leases made subsequent to that substitution and prior to July 15, 1914, the effective date of rule 9, of any other rule of law or construction of statutes of that state than that applied to such leases and extensions made before such substitution by the Supreme Court of Oklahoma in Duff v. Keaton, 33 Okl. 92, 94, 97, 100, 124 Pac. 291, 42 L. R. A. (N. S.) 472, Allen v. Midway Oil & Gas Co., 33 Okl. 91, 124 Pac. 296, Papoose Oil Co. v. Swindler, 221 Pac. 506, 509, and other cases, because such leases and extensions of leases did not in the opinion of that court constitute sales of real or personal property within the true construction and meaning of those statutes.

The other claims and contentions of counsel for the respective parties have been argued and briefed with great ability and commendable patience and thoroughness. We have carefully read the briefs, the statutes, and the pertinent opinions of the Supreme Court of Oklahoma cited, and those of some other courts, and they have forced our minds to these conclusions:

[2] The decision of the question whether the agreement of extension of the lease in this case was valid or void was and is a question of local state law, conditioned entirely by the true construction and application of the relevant statutes of that state.

[3] In cases depending upon the constitution or laws of a state, the construction thereof by the highest judicial tribunal of that state establishing a rule of property is controlling authority in the courts of the United States where no question of right under the Constitution, laws, or treaties of the nation, and no question of general or commercial law is involved. Elmendorf v. Taylor, 10 Wheat. 152, 6 L. Ed. 289; Detroit v. Osborne, 135 U. S. 492, 497, 498, 10 Sup. Ct. 1012, 34 L. Ed. 260; First National Bank v. Glass, 79 Fed. 706, 708, 25 C. C. A. 151; Madden v. Lancaster County, 65 Fed. 188, 192, 12 C. C. A. 566; Percy v. Cockrill, 53 Fed. 872, 877, 4 C. C. A. 73; York v. Washburn, 129 Fed. 564, 567, 64 C. C. A. 132; Grattan v. Trego, 225 Fed. 705, 708, 140 C. C. A. 579; Brewer-Elliott Oil & Gas Co. v. United States (C. C. A.) 270 Fed. 100, 103, 104.

The highest judicial tribunal of the state of Oklahoma by its opinions and decisions has so construed and applied the statutes of that state relevant to the question in this case as to establish a rule of property to the effect that the agreement of extension of the guardian's lease "as long as oil, gas or gasoline, or either of them, is produced or saved from the premises," was and is valid and not void. Duff et al. v. Keaton et al., 33 Okl. 92, 94, 97, 98, 99, 100, 124 Pac. 291, 42 L. R. A. (N. S.) 472; Allen v. Midway Oil & Gas Co., 33 Okl. 91, 124 Pac. 296; Cabin

Valley Mining Co. v. Hall, 53 Okl. 760, 765, 767, 768, 769, 773, 155 Pac. 570, L. R. A. 1916F, 493; Hoyt v. Fixico, 175 Pac. 517, 518; Carlile v. National Oil & Development Co., 83 Okl. 217, 219, 224, 226, 227, 229, 231, 232, 201 Pac. 377; Winona Oil Co. v. Barnes, 83 Okl. 248, 249, 250, 253, 200 Pac. 981; Papoose Oil Co. v. Swindler, 221 Pac. 506, 507, 508, 509. The opinion of the Supreme Court of Oklahoma in the case last cited approves the exhaustive and convincing opinion of the District Court below in this case, Tibbens v. Clayton, 288 Fed. 393, and that opinion and decree is in accord with the rule of property applicable to this and like cases deliberately established by the decisions and opinions of that court which have been cited.

In this state of the case a more extended review of the authorities cited or a farther discussion of the contentions of counsel by this court would be futile. They are accordingly omitted, and the decree of the court below is affirmed, with costs.